UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KELVIN HARRIS,

Petitioner,

v.

JEFF TANNER,[1]

Respondent.

Case No. 25-cv-10672

Honorable Robert J. White

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING CASE WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

I. Introduction

Kelvin Harris is presently in the custody of the Michigan Department of Corrections at the Macomb Correctional Facility in Lenox Township, Michigan. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Harris challenges his convictions for six counts of assault with intent to commit murder and several firearms-related charges. Respondent has filed a motion to dismiss because Harris failed to exhaust three claims with the Michigan state courts.

[1] The proper respondent in a habeas case is the custodian of the facility where the petitioner is incarcerated. *See* R. 2(a), Rules Governing Section 2254 Cases. Thus, the Court substitutes Jeff Tanner, the warden at the facility where Petitioner is presently incarcerated, as the Respondent.

For the reasons that follow, the motion will be granted and the petition for writ of habeas corpus will be dismissed without prejudice.

II. Background

Harris was convicted by a Monroe County Circuit Court jury of six counts of assault with intent to commit murder, Mich. Comp. Laws § 750.83, being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f(1), being a felon in possession of ammunition, Mich. Comp. Laws § 750.224f(4), and possessing a firearm while committing a felony, Mich. Comp. Laws § 750.227b. *See People v. Harris*, No. 361108, 2023 WL 5319268, at *1 (Mich. Ct. App. Aug. 17, 2023). He was sentenced as a fourth-offense habitual offender to 40 to 56 years, 8 months for each assault with intent to murder conviction, and lesser sentences for the firearms convictions. *Id.* The Michigan court of appeals affirmed his convictions. *Id.*

Harris now seeks habeas corpus relief on these grounds: (1) Harris's *de facto* life sentence is disproportionate and amounts to cruel and unusual punishment, (2) the prosecution presented insufficient evidence to support five of his convictions for assault with intent to murder, (3) Harris suffered a total deprivation of counsel when the trial court required newly-appointed counsel to proceed to trial within six weeks, (4) trial counsel provided ineffective assistance by failing to seek an evidentiary hearing on the amount ordered for restitution, (5) the magistrate judge relied on insufficient and incompetent evidence to support a bindover, (6) the trial court

abused its discretion by denying Harris's motion to quash the bindover, and (7) retained counsel and subsequently appointed counsel provided ineffective assistance by failing to consult with DNA or fingerprint experts, failing to object to witness Alamo-Cruz's testimony because she was incompetent, failing to object to Alamo-Cruz's identification of Harris and her testimony about the gun used to shoot her, failing to share investigatory information, improperly handling a plea offer, and failing to object to the prosecution's closing argument. (*See generally* ECF No. 1).

Respondent filed a motion to dismiss on the ground that Harris did not exhaust state court remedies for his fifth, sixth, and seventh claims. (*See* ECF No. 6). Harris has not responded to the motion.

## III. Legal Standard

State prisoners must exhaust their available state court remedies before raising a federal habeas claim. 28 U.S.C. § 2254(b)-(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims at each level of the state court system. *Randolph v. Macauley*, 155 F.4th 859, 864 (6th Cir. 2025). The claims must also be presented to the state courts as federal constitutional issues. *Hand v.*

*Houk*, 871 F.3d 390, 418 (6th Cir. 2017) (explaining that a petitioner must present a claim in state court in a manner that alerts the state court to its federal nature). Exhaustion does not implicate jurisdiction, but it is a "threshold question that must be resolved" before a federal court can reach the merits of a habeas claim. *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009).

IV. Analysis

The petition will be dismissed because Harris raises three unexhausted claims and there is an available state court remedy through which he may exhaust them.

Harris raises seven claims in his petition. All seven claims were raised in the Michigan Court of Appeals, four through counsel and three in a *pro se* supplemental brief. (*See* ECF No. 7-17.) But Harris's application for leave to appeal to the Michigan Supreme Court omitted the three claims raised in his *pro se* brief. (*See* ECF No. 7-18.) These claims, therefore, are unexhausted because Harris did not present them to the Michigan Supreme Court.

In the context of habeas cases, the exhaustion requirement turns on whether there are available state-court procedures through which a habeas petitioner may exhaust his claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). Here, Harris has an available remedy. He may file a motion for relief from judgment with the Monroe County Circuit Court under M.C.R. 6.501, *et seq*. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the

Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203. Harris must present his unexhausted claims through one complete round of state court review to properly exhaust them.

When confronted with a mixed petition, a district court may dismiss the petition without prejudice or, under appropriate circumstances, stay the petition and hold it in abeyance while the petitioner exhausts his unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005); *Harris v. Lafler*, 553 F.3d 1028, 1031-32 (6th Cir. 2009). However, stay and abeyance is available only if a petitioner has "good cause" for failing to exhaust his claims before filing a habeas petition and if his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. The circumstances in this case do not justify holding the petition in abeyance pending Harris's return to the state courts, rather than dismissing it without prejudice.

Harris has not responded to the motion to dismiss, the petition does not explain his failure to exhaust, and no good cause is evident from the record. Under *Rhines*, the Court may not stay a petition absent good cause. Therefore, the petition must be dismissed without prejudice.

While the case is not eligible for a stay, the Court may use an equitable remedy to ensure that dismissal of the petition does not jeopardize the timeliness of a future petition. The one-year limitations period does not begin to run until 90 days after

the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (stating that a conviction becomes final when "'the time for filing a certiorari petition expires'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The Michigan Supreme Court denied Harris leave to appeal on March 1, 2024, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later, on May 30, 2024. The one-year limitations period began the following day, May 31, 2024. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (holding that last day on which a petitioner can file a petition for a writ of certiorari is not counted toward the one-year limitations period). Harris dated his federal habeas petition on March 3, 2025. Consequently, nine months of the one-year period had run when he commenced this action.

While the time during which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), that period may be prospectively equitably tolled.

In *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002), the district court dismissed a habeas petition without prejudice so that the petitioner could exhaust his state remedies. *Id.* at 718. The district court prospectively ordered the tolling of the one-year limitation period in § 2244(d)(1), effective the date the petition was filed,

"on the condition that [the petitioner] pursue his state remedies within thirty days of the court's order and return to federal court within thirty days of exhausting his state remedies." *Id*. The Sixth Circuit found that "the decision to equitably toll the petition was reasonable under the circumstances of th[e] case and under the conditions set forth by the district court." *Id*. at 719.

Here, the Court adopts the prospective tolling mechanism and conditions approved in *Hargrove*. The Court therefore dismisses the petition without prejudice, and the one-year limitation period is tolled from March 3, 2025, the date Harris filed this petition, provided that Harris pursues state remedies within 30 days of the dismissal and returns to federal court within 30 days after exhaustion.

V. Certificate of Appealability

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability; jurists of reason would not find it debatable that the petition contains unexhausted claims and that Harris did not show good cause for failing to exhaust these claims before filing a petition.

VI. Conclusion

Accordingly, it is **ORDERED** that Respondent's motion to dismiss (ECF No. 6) is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from March 3, 2025, the date Harris filed his petition for a writ of habeas corpus, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that he pursues state remedies within thirty (30) days of issuance of this Order and files a new habeas petition in the federal court under a

new case number within thirty (30) days of completing state post-conviction proceedings.

Further, it is **ORDERED** that the Court **DENIES** a certificate of appealability.

**SO ORDERED.**

Dated: September 11, 2026

s/ Robert J. White
Robert J. White
United States District Judge